UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARCOS LEYTON

         Plaintiffs,   **COMPLAINT**

    -against-

**PILATES BODIES NY, INC. d/b/a PILATES BODIES NY,
AND DANIELLA LEVI**

         Defendants.
------------------------------------------------------------------X

### JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act ("FLSA"), §29 U.S.C. 201 <u>et. seq.</u>

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §216. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Eastern District of New York according to 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

### THE PARTIES

4. Plaintiff **MARCOS LEYTON** resides at 41-63 164th Street, 1st Floor, Flushing, NY 11358.

5. On information and belief, Defendant **PILATES BODIES NY, INC. d/b/a PILATES BODIES NY** ("**Pilates Bodies**") is a **New York** State **domestic corporation** conducting business in the State of New York, and is doing business in New York State at **159-16 Union Turnpike #210, Fresh Meadows, NY 11366**.

6. On information and belief, defendant **Daniella Levi** ("**Ms. Levi**") is an individual who resides in Queens County in **New York State** and owns all or part of **Pilates Bodies** and is the supervisor of all of the Plaintiffs during all times material hereto.

### BACKGROUND FACTS

7. Defendant **Pilates Bodies** is an "employer" under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

8. **Pilates Bodies** is a **fitness studio**.

9. On information and belief, **Pilates Bodies**, is owned and controlled by defendants **Ms. Levi.**

10. Plaintiff engaged in interstate commerce within the meaning of the FLSA by engaging in the production of goods for commerce, and by engaging in activities that are closely related and directly essential to the production of goods for commerce, by: assisting in the assembly and maintenance of exercise equipment that is manufactured and delivered into New York from locations outside the State of New York, and using the internet, telephone and cellular telephone networks to communicate with customers who setup private exercise sessions and

1

scheduling group exercise sessions.

11. At all relevant times herein, Defendants **Pilates Bodies,** had, and still have, the authority to:

    i. Hire employees of **Pilates Bodies.**

    ii. Fire employees of **Pilates Bodies.**

    iii. Set wages for employees of **Pilates Bodies.**

    iv. Maintain payroll records for employees of **Pilates Bodies.**

12. Defendants are involved in an industry affecting commerce within the meaning of the FLSA because defendants purchase and utilize exercise equipment that is manufactured at locations outside the State of New York and brought into the State of New York, purchase and use administrative software that is manufactured in locations outside the State of New York, and

13. The business activities of the Defendants are related and performed through unified operation or common control for a common business purpose.

14. On information and belief, since starting employment, Defendants would compute Plaintiff's workweek for purposes of computing payroll beginning on **Sunday** and ending on **Saturday** of each week

15. Defendants failed to keep accurate and sufficient payroll and time records, as required by law.

16. Plaintiff worked as a fitness instructor who engaged in the following duties: taught group fitness classes.

**PLAINTIFF Marcos Leyton:**

17. From **June 1, 2013 through November 21, 2014,** Defendants employed Plaintiff **LEYTON** as a **fitness instructor**.

18. At all relevant times herein, Plaintiff **LEYTON** was not exempt from the FLSA.

19. At all relevant times herein, Plaintiff **LEYTON** did not have the authority to hire or fire employees, did not supervise employees, and did not use his independent judgment or discretion while working for Defendants.

20. Plaintiff **LEYTON** regularly worked **Sunday** through **Saturday**.

21. Plaintiff **Leyton** regularly worked from **6:00 (am) to 9:00 (pm)** every day of work, totaling **105 hours** per workweek.

22. Defendants paid Plaintiff **Leyton $1,000.00** per **week**.

23. **Plaintiff Leyton** regularly worked **65 hours** of overtime every week.

24. Defendants failed to properly account for Plaintiff **Leyton's** hours worked because they had no system to accurately record the hours worked by Mr. **Leyton**.

25. Defendants failed to pay Plaintiff **LEYTON** overtime pay at a rate of 1.5 times **Plaintiff Leyton's** regular hourly rate for any hours worked in excess of 40 hours in the workweek.

26. Defendants misclassified Plaintiff Leyton as an independent contractor.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Failure to pay overtime)
### (Fair Labor Standards Act & NYLL)

27. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

28. Defendants failed to compensate Plaintiffs with overtime premium pay for hours worked in excess of 40 per week.

29. Pursuant to the FLSA & NYLL, Plaintiff was entitled to one and one-half of his regular rate of pay for all hours worked in excess of 40 hours per workweek.

30. Defendants willfully refused and failed to compensate Plaintiffs for overtime work, causing damage to Plaintiffs.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Wage Theft Prevention Act Notice)
### (NYLL)

31. Plaintiff repeats, re-alleges and reincorporates each and every allegation as though fully set forth herein.

32. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

    i. the rates or rates of pay and basis thereof,

    ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

    iii. the regular pay designated by the employer in accordance with NYLL §191;

    iv. the name of the employer;

    v. Any "doing business as" names used by the employer;

    vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

    vii. The telephone number of the employer.

33. Due to Defendants' violation of NYLL §195, Plaintiffs are each entitled to recover from Defendants liquidated damages of $50 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys fees, and costs and disbursements of this action,

pursuant to NYLL §198(1-b).

## JURY DEMAND

34. Plaintiffs demand trial by jury.

WHEREFORE, Plaintiffs respectfully pray that this Court enter a judgment:

    i. Directing Defendants to pay Plaintiff(s) the full value of all unpaid overtime premiums to Plaintiff for hours worked in excess of Forty (40) hours in a workweek pursuant to 29 U.S.C. §201 et. seq. and New York Labor Law;

    ii. Directing Defendants to pay Plaintiff(s) additional amounts as liquidated damages due to Defendants' willful failure to pay the minimum wage pursuant to 29 U.S.C. § 201 et. seq. and New York Labor Law;

    iii. Directing Defendants to pay damages to Plaintiff (s) under the Wage Theft Prevention Act of $50 per workweek, up to $2,500 per plaintiff, plus reasonable counsel fees, and costs, and disbursements for each cause of action under the Wage Theft Prevention Act;

    iv. Directing Defendants to pay Plaintiff(s)' costs and attorneys fees, pursuant to the FLSA and New York Labor Law;

    v. Directing Defendants to pay prejudgment interest, postjudgment, interest, costs and disbursements, and such other and further relief as this Court deems just and equitable.

Dated: Westchester, NY
         August 10, 2015

                      Yours, etc.,

                                                          /s/ Jordan El-Hag

                                                   Jordan El-Hag (JE3360)
                                                   Attorney for Plaintiffs
                                     777 Westchester Ave, Suite 101
                                         White Plains, N.Y, 10604
                                                  (914) 755-1579 (p)
                                                  (914) 206-4176 (f)
                                                 Jordan@elhaglaw.com